UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACK ZAS, et al., | |
| Plaintiffs, | Civil Action No. 12-1649 (SRC) (CLW) |
| v. | |
| CANADA DRY BOTTLING COMPANY OF NEW YORK, L.P., et al., | **OPINION AND ORDER** |
| Defendants. | |

**WALDOR, United States Magistrate Judge**

Currently before this Court is a motion by Plaintiffs Jack Zas, et al. ("Plaintiffs") for leave to file an amended complaint pursuant to FED. R. CIV. P. 15(a)(2) and (d) and to add parties pursuant to FED. R. CIV. P. 21. (Dkt. No. 18, "Motion to Amend"). Specifically, by their Motion to Amend, the Plaintiffs seek to: (1) add two additional Plaintiffs and substitute the executrix of the estate of Patrick Dattalo, Sr. for the deceased Plaintiff;[1] (2) name four (4) additional defendants[2] who were initially identified as John Doe defendants as having liability under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et. seq. ("NJWHL"); (3) assert a claim for retaliation against

---

[1] According to Plaintiffs, Defendant Canada Dry Bottling Company of New York, L.P. ("CDNY") has consented to the addition of two Plaintiffs, Michael Winkworth and Raymond Suazo, as well as the substitution of executrix of the estate of Patrick Dattalo, Sr. for the deceased Plaintiff. (Motion to Amend, p. 1, 3; Reply Brief, p. 4, n. 1).

[2] The proposed new defendants are Harold Honickman, Kevin Walker, Mark Johnson and Patrick Burke ("Individual Defendants"). (Motion to Amend, at Certification of Steven Adler, ¶ 4).

CDNY and the Individual Defendants; and (4) add additional fictitious defendants. (Motion to Amend, p. 1, Certification of Steven I. Adler at Amended and Supplemental Complaint; see also Dkt. No. 21, Plaintiff's Reply Brief ("Reply Brief") in Further Support of Motion to Amend, at Exhibit A at Revised Amended and Supplemental Complaint). The Court resolves this Motion on the papers without oral argument pursuant to Local Rule 78.1(b). Having considered the parties' submissions and for the reasons set forth below, Plaintiffs' Motion to Amend is hereby **GRANTED IN PART and DENIED IN PART.**

## I. PROCEDURAL HISTORY AND BACKGROUND

Plaintiffs commenced this action on or about March 15, 2012. (Dkt. No. 1, "Initial Complaint"). Plaintiffs, a group of current and former drivers (also called by the parties' delivery persons or distributors) for Defendant CDNY, allege that they were improperly classified as independent contractors rather than non-exempt employees of CDNY, and as such, are owed overtime pay and other benefits under the FLSA, NJWHL and ERISA. (Motion to Amend, p. 2; see also Dkt. No. 19, CDNY's Opposition to the Motion to Amend, "CDNY Opp.," p. 2). After commencement of this action, the parties proceeded to mediation which proved unsuccessful. (Motion to Amend, p. 3). Following mediation, CDNY reclassified its South Plainfield distributors, including those Plaintiffs who were still affiliated with CDNY, as non-exempt employees effective January 14, 2013. Id., p. 2-3; CDNY Opp., p. 2-3.

On March 15, 2013, Plaintiffs filed the instant Motion to Amend. Included in this Motion was a proposed Amended and Supplemental Complaint ("First Proposed Amended Complaint"). (Motion to Amend, Exhibit A to the Certification of Steven I. Adler dated March 15, 2013). On April 1, 2013, CDNY filed its Opposition. (CDNY Opp.). Following an April 4,

2013 conference with the Court, Plaintiffs submitted, along with their Reply Brief, a proposed Revised Amended and Supplemental Complaint ("Second Proposed Amended Complaint") to address issues with the First Proposed Amended Complaint and to withdraw some of the causes of action. (Reply Brief, Certification of Steven I. Adler dated April 16, 2013, at Exhibit A). The parties were also permitted to file sur-replies, which CDNY did on April 23, 2013 (Dkt. No. 22, "CDNY Sur-Reply"), and Plaintiffs did on April 30, 2013 (Dkt. No. 23, "Plaintiffs' Sur-Reply"). Included with Plaintiffs' Sur-Reply was an even further proposed revised amended and supplemental complaint ("Third Proposed Amended Complaint") to clarify further issues raised in the CDNY Sur-Reply. (Plaintiffs' Sur-Reply, Certification of Steven I. Adler dated April 29, 2013, at Exhibit A). Thus, for purposes of the Motion to Amend, the Court will deem the Third Proposed Amended Complaint as the operating proposed amended complaint and will disregard the First Proposed Amended Complaint and the Second Proposed Amended Complaint.

Through their Motion to Amend and as reflected in the Third Proposed Amended Complaint, Plaintiffs seek to add the four Individual Defendants and assert the claim for failure to pay overtime compensation as required by the wage and hour law (Count One) against the Individual Defendants. (Third Proposed Amended Complaint, ¶¶ 84-95). Plaintiffs also seek to add a claim for retaliation (Count Six) against both CDNY and the Individual Defendants. Id., ¶¶ 116-119. Further, Plaintiffs seek to name additional fictitious defendants. (Third Proposed Amended Complaint; Reply Brief, p. 8). Additionally, despite conflicting statements in Plaintiffs' briefs in connection with the instant Motion,[3] Plaintiffs seek to assert the following claims against the Individual Defendants which are already asserted against CDNY in the initial complaint:

---

[3] Compare Reply Brief, p. 6 ("As to the [I]ndividual Defendants, it was not Plaintiffs' intention to assert any claims against them other than for overtime (Count One) and their own retaliatory behavior (new Count Six.") with Plaintiffs' Sur-Reply, p. 1 ("if it was unclear from earlier

- impermissible deductions from Plaintiffs' wages (Count Two). Id., ¶¶ 96-100; and
- non-payment of benefits and other compensation (Count Three). Id., ¶¶ 101-105.

CDNY opposes each of these proposed amendments. (CDNY Opp.; CDNY Sur-Reply).

## II. LEGAL STANDARD

FED. R. CIV. P. 15(a)(2) allows a party to amend its pleading by leave of court when justice so requires. FED. R. CIV. P. 15(a)(2). Leave to amend pleadings is to be freely given. FED. R. CIV. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. Foman, 371 U.S. at 182. Pursuant to Foman, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. Id. "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Here, CDNY opposes Plaintiffs' Motion to Amend on the basis of futility. (CDNY Opp., p.4-5; CDNY Sur-Reply, p. 2, 10-14). An amendment is considered futile "when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)); see also Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face" (citations and footnotes omitted)). As such, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Burlington, 114 F.3d at 1434 (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citation omitted)). Thus, courts may

---

submissions, it was not Plaintiffs' intention to drop the Individual Defendants from any claims under the wage and hour laws.").

properly deny a motion to amend when the amendment would not withstand a motion to dismiss. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Under this standard, the question before the Court is whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001). The Court must also construe the facts in a light most favorable to the non-moving party. Ghobrial v. Pak Manufact., Inc., 2012 WL 893079, *3 (D.N.J. March 13, 2012).

### III.  DISCUSSION

As an initial matter, CDNY does not object to the addition of plaintiffs Michael Winkworth and Raymond Suazo and the substitution of plaintiff Patrick Dattalo, Sr. for the executrix of his estate, therefore the Motion to Amend as to that aspect of the Revised Proposed Amended Complaint is granted. (Motion to Amend, p. 1, 3; Reply Brief, p. 4, n. 1). Because of the competing briefs, Plaintiffs' submission of multiple proposed amended complaints and Plaintiffs' withdrawal of various claims in its briefs in the instant Motion to Amend,[4] in an effort to narrow the issues in the present motion, the Court will focus on Plaintiffs' proposed amendments in asserting Counts One, Two and Three against the Individual Defendants, Count Six against both CDNY and the Individual Defendants and the addition of fictitious defendants.

---

[4] Notably, Plaintiffs have withdrawn their: (1) unjust enrichment claim (Count 5) against the Individual Defendants (Third Proposed Amended Complaint, ¶¶ 114-115); (2) plan enforcement under ERISA claim (Count 4) against the Individual Defendants; and (3) failure to maintain records claim under the FLSA and the NJWHL against both CDNY and the Individual Defendants. (Reply Brief, p. 17; Plaintiffs' Sur-Reply, p. 8). Therefore, the Court's analysis on these issues is rendered moot. The same goes for CDNY's argument that Plaintiffs' non-payment of benefits (Count 3) and unjust enrichment claims are duplicative, since a claim for unjust enrichment is no longer alleged against the Individual Defendants. (See Third Proposed Amended Complaint; see also Plaintiffs' Sur-Reply, p. 8).

(A) <u>Failure to Pay Overtime Compensation as Required by the Wage and Hour Law (Count One) and Impermissible Deductions from Plaintiffs' Wages (Count Two)</u>

Plaintiffs seek to hold the Individual Defendants personally liable under the FLSA and the NJWHL for failure to pay overtime compensation (Count One) and impermissible wage deductions (Count Two). (Third Proposed Amended Complaint, ¶¶ 84-100; Reply Brief, p. 18-20; Plaintiffs' Sur-Reply, p. 4-7). CDNY counters that Plaintiffs fail to sufficiently plead individual liability under the FLSA and the NJWHL because the Individual Defendants are not "employers" under either statute nor have Plaintiffs alleged an employer-employee relationship between Plaintiffs and the Individual Defendants. (CDNY Opp., p. 19-21).[5]

An employer under the FLSA is defined as someone "who acts in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d); <u>see</u> <u>also</u> <u>Shakib v. Back Bay Restaurant Group, Inc.</u>, 2011 WL 4594654, at *3 (D.N.J. Sept. 30, 2011). Similarly, the NJWHL defines "employer" as "any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." N.J.S.A. § 34:11-56a(1)(g); <u>see</u> <u>also</u> <u>Thompson v. Real Estate Mortgage Network, Inc</u>., 2011 WL 6935312, at *2-3 (D.N.J. Dec. 30, 2011) (citations omitted) (noting that the definitions of employer and employee under the FLSA and the NJWHL are "virtually identical" and that this district customarily applies the same analysis to the FLSA and NJWHL claims). To determine whether an individual is an employer under the FLSA, courts must look to the economic realities of the relationship and acknowledge "whether the employer: (1) had the power to hire and fire

---

[5] CDNY also challenges Plaintiffs claim of punitive damages for Counts One and Two as not provided under the respective statutes. <u>Id</u>. However, it appears from the Third Proposed Amended Complaint that Plaintiffs have withdrawn their claims for punitive damages under Counts One and Two. (<u>Compare</u> First Proposed Amended Complaint ¶¶ 84-100 <u>with</u> Third Proposed Amended Complaint, ¶¶ 84-100).

the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." Juan Su v. Guang Tang Li, 2011 WL 3329882, at *4 (D.N.J. Aug. 1, 2011) (citations omitted); see also Shakib, 2011 WL 4594654, at *3. A determination of whether the Individual Defendants are "employers" is a highly fact-specific inquiry and better left another day. Shakib, 2011 WL 4594654, at *4 ("[T]he Court is mindful that employer determination is a fact-intensive inquiry, such that it can rarely even be made on summary judgment"); see also Rong Chen v. Century Buffet and Restaurant, 2012 WL 113539, at *3 (D.N.J. Jan. 12, 2012).

However, "[c]ritically, in pleading a cause of action under the FLSA, the plaintiffs must establish an employer-employee relationship with the named defendants." Thompson, 2011 WL 6935312, at *3 (citations omitted); see also Montero v. Brickman Group, Ltd., 2012 WL 3757499, at *2 (D.N.J. Aug. 28, 2012). In the Third Proposed Amended Complaint, Plaintiffs allege that the Individual Defendants are "employers" under the FLSA and the NJWHL and that they are all either corporate officers or managers of CDNY. (Third Proposed Amended Complaint, ¶ 31). Specifically, Plaintiffs allege:

> Honickman owns a majority interest in and exercises operational control of CDNY. Johnson is the Chief Financial Officer for CDNY. Walker is the Vice President of Sales for CDNY and over sees [*sic*] operations at the South Plainfield facility. Burke is the Branch Manager of the South Plainfield, New Jersey facility and exercises day-to-day control over operations there.

Id. Plaintiffs further allege, generally, the economic realities test, that the Individual Defendants' "have authority to hire and fire drivers, supervise and control their work schedules and conditions of employment, define their job duties, determine their rates and methods of pay, maintain the employment records for CDNY and/or set hours of operation." Id.; see also Juan

Su, 2011 WL 3329882, at *4.  Yet, Plaintiffs fail to allege facts connecting their employment with each of the Individual Defendants.  Thompson, 2011 WL 6935312, at *3; see also Wright v. Lehigh Valley Hosp. & Health Network, 2011 U.S. Dist. LEXIS 68012, at *9-10 (E.D.Pa. June 23, 2011) (denying motion to amend to assert FLSA claim against individual defendants where plaintiff failed to allege, inter alia, whether the proposed individual defendants had specific roles in determining personnel, financial and compensation practices in accordance with the FLSA). What is lacking from the Third Proposed Amended Complaint are allegations that any of the Individual Defendants played a role in failing to pay or denying Plaintiffs overtime under the FLSA and/or the NJWHL or making impermissible deductions from Plaintiffs' wages.  See Shakib, 2011 WL 4594654, at *4 (denying motion to dismiss claims of individual liability under the FLSA and the NJWHL because plaintiff alleged that the individual defendants played a role in denying him wages).

Accordingly, Plaintiffs' Motion to Amend to allege failure to pay overtime compensation and impermissible wage deductions claims against the Individual Defendants is denied without prejudice.  Plaintiffs are granted leave to file a subsequent motion to amend to assert these claims against the Individual Defendants within thirty (30) days of the date of this Opinion and Order. Should Plaintiffs fail to move within thirty (30) days, the part of the instant Motion to Amend regarding these claims against the Individual Defendants will be deemed denied with prejudice.

(B) Non-Payment of Benefits (Count Three)

Plaintiffs also allege non-ERISA non-payment of benefits against the Individual Defendants. (Third Proposed Amended Complaint, ¶¶ 101-105; Reply Brief, p. 16).  In its Opposition, CDNY indicates its intent to move to dismiss Plaintiffs' non-payment of benefits claim as preempted by

ERISA and the FLSA alleged against it in the initial complaint. (CDNY Opp. p. 8, n. 4).[6]
However, in the Third Proposed Amended Complaint, Plaintiffs have attempted to correct this claim to allege only non-ERISA covered benefits in Count Three. (Third Proposed Amended Complaint, ¶¶ 101-105). CDNY did not have the opportunity to address this distinction since it appeared from Plaintiffs' Reply Brief that they were withdrawing this claim. (Reply Brief, p. 6). Accordingly, the Court will permit the amendment, but nothing herein shall preclude CDNY and/or the Individual Defendants from moving to dismiss this claim. Accordingly, the Motion to Amend with respect to Count Three is granted.

(C) <u>Plaintiffs' Newly Added Retaliation Claim</u>

Plaintiffs claim that following unsuccessful mediation in January of 2013, CDNY and the Individual Defendants retaliated against Plaintiffs for commencement of this action and for their refusal to accept CDNY's settlement offer by reclassifying Plaintiffs as W-2 employees and implementing an improper pay arrangement. (CDNY Opp., p. 2, 27; CDNY's Sur-reply, p. 10; Proposed Third Amended Complaint, ¶¶ 75-82, 116-119). Specifically, Plaintiffs allege that after they rejected CDNY's settlement offer, on Monday January 14, 2013, they were informed that they were now W-2 employees to be paid salaries that:

> [do] not comply with requirements of a set salary for a fluctuating work week because . . . it: (a) attempts to impose a set salary on a per diem basis; (b) attempts to impose set work hours; (c) does not include payment of a minimum amount per week when delivery persons work less than forty (40) hours; and (d) was not implemented in a manner that permitted the delivery persons to have a clear understanding of their wages and let them to believe they were hourly employees, who were to be paid time and a half for all overtime hours.
>
> (Third Proposed Amended Complaint, ¶ 80).

---

[6] CDNY also indicates its intent to move to dismiss the unjust enrichment (now Count Five) and plan enforcement under ERISA (now Count Four) claims which Plaintiffs have now withdrawn against the Individual Defendants. (Reply Brief, p. 17; Plaintiffs' Sur-Reply, p. 8).

The legal basis for retaliation is absent from Count Six. (Third Proposed Amended Complaint, ¶¶ 116-119). However, elsewhere in the Third Proposed Amended Complaint, Plaintiffs allege violations of the FLSA, therefore the Court will construe the newly added retaliation claim as one under the FLSA. Id*.*, ¶ 31. The FLSA, in relevant part, prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding . . ." 29 U.S.C. § 215(a)(3). The elements of a retaliation claim under the FLSA are: (1) the plaintiff engaged in a protected employee activity; (2) the employer took an adverse employment action against the plaintiff either after or contemporaneous with the plaintiff's protected activity; and (3) there was a causal link between the plaintiffs' protected action and the employer's adverse action. Ghobrial, 2012 WL 893079, at 4. Thus, the filing of a complaint or instituting of a proceeding or, as more recently held by the United States Supreme Court, the making of a verbal complaint, is a protected activity that may serve as the basis for a retaliation claim under the FLSA. Id.; see also Katsen v. Saint-Gobain Performance Plastics Corp*.*, 131 S. Ct. 1325, 1329 (2011).

CDNY objects to Plaintiffs newly added retaliation claim against CDNY and the Individual Defendants as futile for three reasons: (1) there can be no causal connection where the Individual Defendants were not identified in the original complaint; (2) the proposed amended complaint does not contain sufficient factual allegations against the Individual Defendants; and (3) Plaintiffs cannot demonstrate that CDNY took any adverse action against them. (CDNY's Sur-reply, p. 10-14). First, as to the causal connection element, CDNY argues that Plaintiffs cannot assert a claim for retaliation against the newly added Individual Defendants because they

were not named in the original complaint and therefore, there is no causal connection between the commencement of this suit and any adverse employment action taken. (CDNY's Sur-reply, p. 11; CDNY Opp., p. 22-26).

CDNY further argues that a retaliation claim requires that an employer took an adverse action after or contemporaneous with a protected activity (in this case, the filing of the original complaint) and the Individual Defendants were not parties to the original complaint. Id. In support of its argument, CDNY cites two cases Royster v. Beard, 2008 WL 2914516, at *6 (M.D.Pa. July 24, 2008) and Evans v. Rozum, 2009 WL 5064490, at *22 (W.D.Pa. Dec. 17, 2009) for the proposition that a retaliation claim cannot be made against parties that were not parties to the original complaint or were unaware of earlier complaints. On the contrary, Plaintiffs contend that the Individual Defendants were previously identified in the complaint as John Doe defendants. (Reply Brief, p. 3, 21). Moreover, Plaintiffs argue that retaliation can be alleged against the Individual Defendants because they participated in mediation before the retaliatory acts occurred and were aware of the complaint. Id., p. 3; Plaintiffs' Sur-Reply, p. 9; Third Proposed Amended Complaint, ¶ 82.

FED. R. CIV. P. 15(d) permits the incorporation of claims that occurred after the filing of the initial complaint. FED. R. CIV. P. 15(d); see also Kounelis v. Sherrer, 396 F.Supp.2d 525, 529 (D.N.J. 2005). In relevant part, Rule 15(d) provides: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). In Kounelis v. Sherrer, the plaintiff, a prisoner, sought to amend his complaint to assert a retaliation claim against two new previously unnamed

defendants for taking retaliatory actions against plaintiff after the commencement of his suit. 396 F.Supp.2d at 528. The Honorable Susan D. Wigenton granted that aspect of plaintiff's motion seeking to add retaliation claims against the previously unnamed defendants holding that plaintiff demonstrated "a suggestive temporal proximity between the filing of his original Complaint and the first instance" of retaliation. Id. at 531. Here, Plaintiffs allege that almost immediately following unsuccessful mediation and their refusal to accept CDNY's settlement offer, they were reclassified as W-2 employees and subjected to allegedly improper salaries and overtime. (CDNY Opp., p. 2, 27; CDNY's Sur-reply, p. 10; Third Proposed Amended Complaint, ¶¶ 75-82). Additionally, the Individual Defendants were originally pleaded as John Doe defendants, and, as claimed by Plaintiffs, were aware of this litigation and participated in mediation. (Third Proposed Amended Complaint, ¶¶ 31, 69, 75-82, 116-119). Accordingly, the retaliation cause of action is properly stated against both CDNY and the Individual Defendants.

Second, CDNY's argument that Plaintiffs have not pleaded factual allegations sufficient to state a claim of retaliation against the Individual Defendants because retaliation is alleged against CDNY only is moot, as Plaintiffs have corrected their retaliation claim in the Third Proposed Amended Complaint. (Third Proposed Amended Complaint, ¶¶ 75-82, 116-119).

Third, CDNY argues that the newly added retaliation claim is futile because Plaintiffs cannot demonstrate that CDNY took any adverse action against them where the alleged adverse action, i.e., the reclassification of Plaintiffs as employees, was actually requested by Plaintiffs. (CDNY Opp., p. 26-30; CDNY's Sur-reply, p. 12-14). Further, CDNY claims that it reclassified all former non-equity distributors who worked out of the South Plainfield facility, i.e., that the change applied equally regardless of whether the drivers were involved in the litigation, and as

such, it cannot be a deemed a pretext for retaliation. (CDNY's Sur-reply, p. 13-14).[7] According to Plaintiffs, they do not allege the reclassification was the retaliatory action. (Plaintiffs' Sur-reply, p. 9-10; Third Proposed Amended Complaint, ¶¶ 75-82). Rather, Plaintiffs allege that the adverse employer action was that CDNY and the Individual Defendants "intentionally reduced their commission structure, didn't pay them their base salary despite claiming they were employees earning a fixed salary for fluctuating workweeks and didn't even pay them minimum wage for overtime hours." Id. at 10; see also Reply Brief, p. 3, 5, 22; Third Proposed Amended Complaint, ¶¶ 75-82. Additionally, Plaintiffs argue that all of the drivers who were reclassified are Plaintiffs in this action, therefore CDNY cannot show that it treated Plaintiffs and non-parties alike. Id.

Here, where the Court is required to accept all allegations in the complaint as true and draw all reasonable inferences therefrom, and view them in the light most favorable to the non-moving party, Ghobrial, 2012 WL 893079, *3, the Court finds that Plaintiffs sufficiently alleged an adverse employment action was taken against Plaintiffs. See McQuilkin v. Delaware River Port Auth., 2011 WL 5325620, at *5 (D.N.J. Nov. 3, 2011) (denying motion to dismiss retaliation claim and finding the allegations sufficiently plead to meet the adverse employment action element). Whether Plaintiffs can prove that the reduction in commission structure and improper salary and overtime pay is, in fact, an adverse employment action is for another day. (Plaintiffs' Sur-reply, p. 9-10; Reply Brief, p. 22).

---

[7] CDNY also contends that the newly added plaintiffs, Michael Winkworth and Raymond Suazo, and those Plaintiffs who were not affiliated with CDNY after the reclassification (effective January 14, 2013) cannot assert a retaliation claim. (CDNY Opp., p. 25-26). However, in their Reply Brief, Plaintiffs clarify that Michael Winkworth, Raymond Suazo and those Plaintiffs who were no longer affiliated with CDNY after January 14, 2013 are not pursing the retaliation claim (Reply Brief, p. 21), so this point is now moot.

Finally, CDNY takes issue with facts alleged in Plaintiffs' proposed amended complaint which purportedly reveal confidential discussions during mediation. (CDNY Opp., p. 10-13; CDNY Sur-Reply, p. 14-16). Specifically, CDNY claims that the facts alleged in support of Plaintiffs' newly added retaliation claim, paragraphs 70-74, "violate the mediation privilege by revealing what they perceive transpired during the mediation of this case on January 11, 2013." (CDNY Opp., p. 3; CDNY Sur-Reply, p. 16). Because of this purported breach of the mediation privilege, CDNY asks the Court to deny the Motion to Amend and reserves the right to seek sanctions by way of separate motion later. (CDNY Opp., p. 10-13; CDNY Sur-Reply, p. 16, 17, n. 8).[8]

According to the parties, mediation occurred in multiple sessions between November 2012 and January 11, 2013 with JAMS pursuant to a JAMS Mediation Agreement which provides for confidentiality in statements made during mediation. (CDNY Opp., p. 10; CDNY Sur-Reply, p. 16; see also at Dkt. No. 22, Declaration of Patrick G. Brady dated April 23, 2013 ("Brady Decl."), at Exhibits B, C and E and Declaration of Kevin Walker executed on April 23, 2013 ("Walker Decl.")). Plaintiffs and CDNY and/or the Individual Defendants met on various dates without the presence of counsel including on December 20, 2013. (CDNY Sur-Reply, p. 16; Walker Decl.). In a letter from CDNY's counsel to Plaintiffs' counsel dated December 19, 2012, it was explicitly stated that "information exchanged during the December 20 [*sic*], 2012 meeting will be used for settlement purposes only and not for use in the litigation." (Brady Decl., Exhibit D). This letter was signed and acknowledged by Plaintiffs' counsel. Id. Plaintiffs

---

[8] Plaintiff's Reply Brief along with the exhibit thereto, CDNY's Sur-Reply along with the declarations and exhibits thereto and Plaintiff's Sur-Reply along with the exhibit thereto (the Third Proposed Amended Complaint) were all filed by the parties as sealed documents without prior order of the Court. (Dkt. Nos. 21, 22, 23). The only public document at issue is the First Proposed Amended Complaint. (Dkt. No. 18).

counter that those facts in paragraphs 70-74 were taken from conduct and discussions between CDNY and Plaintiffs without the presence of Plaintiffs' counsel and thus were separate and apart from the mediation and that Plaintiffs did not consider any meetings they had with CDNY, without counsel present, to be part of the mediation. (Reply Brief, p. 13; Plaintiffs' Sur-reply, p. 11). Further, Plaintiffs assert that "mediation was limited to the claims in the lawsuit, not the parties' prospective business relationship." (Reply Brief, p. 13-14; Plaintiffs' Sur-reply, p. 11).

The Court takes very seriously the obligation of parties not to disclose or reveal confidential communications made for the purposes of settlement. L. Civ. R. 301.1(e)(5); Fed. R. Evid. 408. Because the communications alleged in paragraphs 70-74 of the Third Proposed Amended Complaint appear to be made in confidence during mediation, the Court will strike those paragraphs of the Third Proposed Amended Complaint. However, the Court finds that regardless of whether confidential communications were revealed in the proposed amended complaint filed in connection with the Motion to Amend, the communications detailed in paragraphs 70-74 of the proposed amended complaints are not necessary for Plaintiffs to state a retaliation claim. Stated differently, even if paragraphs 70-74 are stricken, the retaliation claim still survives at the pleading stage. The filing of the complaint – the protected activity – is not confidential. The refusal of Plaintiffs to accept CDNY's settlement offer is also not confidential. And, the allegation that following Plaintiffs' refusal to accept the settlement offer, CDNY reclassified Plaintiffs' employment status and set improper salaries and overtime pay is not confidential. Therefore, although the Court finds that Plaintiffs have stated a claim for retaliation against CDNY and the Individual Defendants, the Motion to Amend is denied without prejudice with respect to the addition of paragraphs 70-74. Plaintiffs are directed to revise the Third

Proposed Amended Complaint to omit those paragraphs and to file the revised amended complaint within ten (10) days of the date of this Opinion and Order.

(D) Fictitious Defendants

The Third Proposed Amended Complaint also expands the number of fictitious defendants by adding ABC Companies 1-6 and/or John Does 1-6 (General Partners of CDNY) and John Does 7-12. (See Proposed Third Amended Complaint). The initial complaint included defendants John Does 1-10 (see Complaint), and Plaintiffs seek to name the four Individual Defendants, thus leaving six John Doe defendants as originally plead. (Proposed Third Amended Complaint). CDNY takes issue with the, according to CDNY, 18 new John Doe defendants (but essentially 12 new John Doe defendants) because Plaintiffs fail to assert claims against these fictitious defendants. (CDNY Opp., p. 15-16; CDNY Sur-Reply, p. 17-18). CDNY further asserts that Plaintiffs can move to amend their pleading pursuant to FED. R. CIV. P. 15(a) once they can identify the additional John Doe defendants by name. Id.

In response, Plaintiffs claim that there are other individuals or general partners of CDNY whose identities are unknown, but may be deemed employers under the FLSA and NJWHL such that they would be liable to Plaintiffs. (Plaintiffs' Sur-Reply, p. 11). Further, Plaintiffs seek to add the additional John Doe defendants now to avoid statute of limitations issues later. (Reply Brief, p. 15).

"[F]ictitious party names may be used at least until reasonable discovery permits the actual defendants to assume their places." Id. quoting Atlantic Used Auto Parts v. City of Phila., 957 F.Supp. 622, 625 (E.D.Pa. 1997) (citation omitted). While discovery in the instant action was stayed pending mediation, since February, the parties have engaged in discovery with an

upcoming fact end date of September 13, 2013. (see Dkt. No. 15). Thus, Plaintiffs by now could have reasonably ascertained the identities of any additional defendants. Plaintiffs should also be mindful that "[f]ictitious names must eventually be dismissed, if discovery yields no identities." Adams v. City of Camden, 461 F.Supp.2d 263, 271 (D.N.J. 2006) (dismissing all John Doe defendants following a year of discovery and Plaintiff's failure to identify them) (citation omitted). Accordingly, the Motion to Amend to add additional fictitious defendants is denied. Certainly, should Plaintiffs identify other defendants through discovery, they may seek leave to move to amend their complaint in accordance with FED. R. CIV. P. 15.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Amend their complaint is hereby **GRANTED IN PART and DENIED IN PART.**

- Plaintiffs' Motion to Amend to add Plaintiffs Michael Winkworth and Raymond Suazo and substitute the executrix of the estate of Patrick Dattalo, Sr. for the deceased Plaintiff is granted;

- Plaintiffs' Motion to Amend to allege non-ERISA non-payment of benefits (Count Three) against new defendants Harold Honickman, Kevin Walker, Mark Johnson and Patrick Burk is granted;

- Plaintiffs' Motion to Amend to allege failure to pay overtime (Count One) and impermissible wage deductions (Count Two) against new defendants Harold Honickman, Kevin Walker, Mark Johnson and Patrick Burk is denied without prejudice. Plaintiffs must file a motion to amend within thirty (30) days of the date of this Opinion and Order. If Plaintiffs do not move within thirty (30) days of the date below, the instant Motion to

Amend with respect to Plaintiffs' claims of failure to pay overtime and impermissible wage deductions against the Individual Defendants is deemed denied with prejudice;

- Plaintiffs' Motion to Amend to allege a claim for retaliation against CDNY and Individual Defendants Harold Honickman, Kevin Walker, Mark Johnson and Patrick Burk is denied <u>without</u> <u>prejudice</u>. Plaintiffs are granted leave to file an amended complaint consistent with this Opinion and Order, omitting paragraphs 70-74, within ten (10) days of the date below; and

- Plaintiff's Motion to Amend to add additional fictitious defendants is denied.

The Clerk of the Court is directed to terminate Docket No. 18.

**SO ORDERED.**

                                              s/ Cathy L. Waldor
                                              **CATHY L. WALDOR**
                                              **UNITED STATES MAGISTRATE JUDGE**

**DATED: June 27, 2013**