NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JACK ZAS, et al., | : | |
|  | : | Civil Action No. 12-1649 (SRC) (CLW) |
| **Plaintiffs,** | : | |
|  | : | |
| v. | : | |
|  | : | |
| CANADA DRY BOTTLING | : | **OPINION AND ORDER** |
| COMPANY OF NEW YORK, L.P., et al., | : | |
|  | : | |
| **Defendants.** | : | |

**WALDOR, United States Magistrate Judge**

Currently before this Court is a motion by Plaintiffs Jack Zas, et al. ("Plaintiffs") for leave to file a second amended complaint pursuant to FED. R. CIV. P. 15(a)(2) (Dkt. No. 40). Specifically, by their Motion to Amend, the Plaintiffs seek to add two additional defendants: Kevin Walker ("Walker") and Patrick Burke ("Burke") (Dkt. No. 40-2). The Court resolves this Motion on the papers without oral argument pursuant to Local Rule 78.1(b). Having considered the parties' submissions and for the reasons set forth below, Plaintiffs' Motion to Amend is hereby **DENIED.**

### I. PROCEDURAL HISTORY AND BACKGROUND

Plaintiffs commenced this action on or about March 15, 2012. (Dkt. No. 1). Plaintiffs, a group of current and former drivers (also called by the parties' delivery persons or distributors) for Defendant CDNY, allege that they were improperly classified as independent contractors rather than non-exempt employees of CDNY, and as such, are owed overtime pay and other

benefits under the FLSA, NJWHL and ERISA. (Dkt. No. 19). After commencement of this action, the parties proceeded to mediation which proved unsuccessful. Following mediation, CDNY reclassified its South Plainfield distributors, including those Plaintiffs who were still affiliated with CDNY, as non-exempt employees effective January 14, 2013.

On March 15, 2013, Plaintiffs filed their first Motion to Amend. (Dkt. No. 18). On June 27, 2013 that motion was granted in part and denied in part. (Dkt. No. 29). On August 28, 2013, Plaintiffs filed the instant motion along with a proposed Second Amended Complaint ("SAC") (Dkt. No. 40). On Sept. 23, 2013, Defendants opposed the motion. (Dkt. 42). Plaintiff's response was filed on October 8, 2013 (Dkt. No. 43). On October 21, 2013 the Court permitted Defendants to file a sur-reply in further opposition to Plaintiffs motion. Defendant's sur-reply was filed on October 22, 2013 (Dkt. No. 47).

Defendants challenge the SAC contending Plaintiffs: 1) failed to allege facts sufficient to individually name Walker and Burke; 2) failed to cure a previously-addressed violation of the mediation privilege;[1] 3) failed to differentiate CDNY Corp. from the other defendants; and 4) use the phrase "Chinese Overtime." (Dkt. No. 42).

**LEGAL STANDARD**

FED. R. CIV. P. 15(a)(2) allows a party to amend its pleading by leave of court when justice so requires. FED. R. CIV. P. 15(a)(2). Leave to amend pleadings is to be freely given. FED. R. CIV. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. Foman, 371 U.S. at 182. Pursuant to Foman, leave to amend may be denied on the basis of: 1) undue delay; 2) bad faith or dilatory

---

[1] On June 27, 2013, the Court found that paragraphs 70-74 of Plaintiff's proposed amended complaint contained communications made in confidence during mediation. Consequently, the Court ordered those paragraphs removed from the proposed amended complaint. (Dkt. No. 29).

motive; 3) undue prejudice to the opposing party; and 4) futility of amendment. Id. "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Here, Defendant contends the Plaintiff's motion is futile. (Dkt. No. 42). An amendment is considered futile "when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)); see also Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face" (citations and footnotes omitted)). As such, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Burlington, 114 F.3d at 1434 (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citation omitted)). Thus, courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Under this standard, the question before the Court is whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001). The Court must also construe the facts in a light most favorable to the non-moving party. Ghobrial v. Pak Manufact., Inc., 2012 WL 893079, *3 (D.N.J. March 13, 2012).

## II. DISCUSSION

The Court notes Plaintiffs concede that CDNY Corp. is only liable in its capacity as the general partner of the Canada Dry Bottling Co. of New York, L.P. and agree to modifying paragraphs 2, 70, 71, 74, 77, 78, 84, and 97 to indicate that "Defendants" references all defendants other than CDNY Corp. Consequently, the Court's remaining discussion will focus on the addition of Walker and Burke, individually, to the SAC; whether paragraph 31 violates the mediation privilege; and whether the Court should strike the phrase "Chinese overtime."

(A) Failure to Allege Facts Sufficient to Assert Claims Against Individual Defendants Walker and Burke

Plaintiffs seek to hold the Walker and Burke personally liable under the FLSA and the NJWHL for failure to pay overtime compensation; making impermissible wage deductions; non-payment of benefits; and retaliation. (Dkt. No. 40-1). Defendants assert that Plaintiffs fail to sufficiently plead individual liability under the FLSA and the NJWHL and the facts alleged are insufficient to assert individual liability. (Dkt. No. 42, p6).

The Court previously found that in order to assert individual liability under these circumstances, Plaintiffs must allege specific facts connecting individual defendants with impermissible deductions from Plaintiffs' wages or denying them overtime benefits. (Dkt. No. 29, p 8). Paragraph 33 of the SAC alleges that Burke reports to Walker (Dkt. No. 40-1, p8). Paragraph 45 alleges that Walker needed to obtain approval to effect any change in commission structure and that others controlled compensation policy. (Id. at 11). The foregoing suggests Plaintiffs' fail to allege the required nexus.

Accordingly, Plaintiffs' motion to add Walker and Burke is denied without prejudice. Plaintiffs are granted leave to file a subsequent motion to amend to assert these claims against

Walker and Burke within thirty (30) days of the date of this Opinion and Order. Should Plaintiffs fail to move within thirty (30) days, the motion will be deemed denied with prejudice.

(B) <u>Mediation Privilege</u>

Defendants contend facts alleged in the SAC reveal confidential discussions during mediation. (Dkt. No. 42, p. 9-12). Specifically, Defendants claim that the SAC does not cure Plaintiffs' previous violation of the privilege because it discloses alleged conversations with individual defendants in December and January of 2012. (Dkt 42, p. 9).

The Court previously addressed this issue. (Dkt. 29, p. 15). At that time, paragraphs 70-74 of the proposed amended complaint explicitly discussed conversations that were made during settlement negotiation. Consequently, the Court struck those paragraphs from the proposed amended complaint.

Here, the controversy focuses on paragraph 31 of the SAC:

In or about January, 2013, outside of any discussions the parties may have had at mediation, Honickman had discussions with various delivery persons, offering them the right to purchase routes and become independent contractors and discussion with them the change CDNY was making to treat them as employee (discussed more fully in ¶s 70-71, infra).

(Dkt 40-1, p 18). Paragraph 31 contrasts the aforementioned and stricken paragraphs 70-74. Paragraph 31 does not refer to settlement negotiation and Plaintiffs allege the substance of paragraph 31 was drawn from conversations outside settlement negotiations. At this stage of the litigation the Court accepts Plaintiffs' allegations and, as a consequence, will not disturb paragraph 31 of the SAC.

(C) Chinese Overtime

FED. R. CIV. P. 12 (f) allows the Court to strike "immaterial, impertinent, or scandalous" phrases from the pleadings. Defendants claim that "Chinese overtime" is offensive. The Court does not find the phrase to be "immaterial, impertinent, or scandalous" when read in context of this litigation. "Chinese overtime" is a phrase that has appeared in federal cases across the country referencing an untoward relationship between hours and compensation. See Ayers v. SGS Control Servs., 2007 U.S. Dist. LEXIS 19634 (S.D.N.Y. Feb. 26, 2007); Lumpkin v. Coca-Cola Bottling Co. United, Inc., 216 F.R.D. 380, 382 (S.D. Miss. 2003); Teblum v. Eckerd Corp. of Fla., Inc., 2006 U.S. Dist. LEXIS 6406 (M.D. Fla. Feb. 7, 2006); Hayes v. McIntosh, 604 F. Supp. 10, 22 (N.D. Ind. 1984). Plaintiffs need not remove the phrase from their pleadings.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Amend is hereby **DENIED.**

The Clerk of the Court is directed to terminate Docket No. 40.

**SO ORDERED.**

        s/ Cathy L. Waldor
        **CATHY L. WALDOR**
        **UNITED STATES MAGISTRATE JUDGE**

**DATED: November 24, 2013**