<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JACK ZAS et al., | : |
| Plaintiffs, | : Civil Action No. 12-1649 (SRC) |
| v. | : |
|  | : **OPINION & ORDER** |
| CANADA DRY BOTTLING COMPANY OF NEW YORK, L.P. et al., | : |
| Defendants. | : |

<u>**CHESLER**</u>, **U.S.D.J.**

    This matter comes before the Court on the motion to dismiss parts of the Revised Second Amended Complaint for failure to state a valid claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Patrick Burke, Canada Dry Bottling Company of New York, L.P., CDNY Corporation, Harold Honickman, Mark Johnson, and Kevin Walker (collectively, "Defendants"). For the reasons stated below, the motion to dismiss will be granted in part and denied in part.

    This case arises from a dispute over the payment of wages. Plaintiffs are former "delivery persons" or "route salesman" who worked for Defendant CDNY. The Revised Second Amended Complaint asserts six claims related to the payment of wages and benefits. Defendants have moved to dismiss the Revised Second Amended Complaint in part.

    First, Defendants contend that, for Count One, damages should be calculated using the half-time method, rather than time-and-a half. As Plaintiffs note, how is this argument appropriate on a motion to dismiss? This argument could be made on a motion for summary judgment, but it is not an argument that goes to dismissal of a claim for legal invalidity. "The defendant bears the burden

of showing that no claim has been presented [on a Rule 12(b)(6) motion]." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). As to Count One, Defendants have not carried this burden.

As to Count Two, the claim for impermissible deductions under the FLSA and NJWHL, Defendants contend that these laws do not regulate deductions from wages except to the extent that they reduce the wages below the statutory minimum. Plaintiffs respond that they agree on this point of law, and that they assert such a claim. The problem for Plaintiffs is that Count Two is pled only generally, with no specific facts alleged. Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Count Two does not plead sufficient facts to give rise to a plausible entitlement to relief. As to Count Two, the motion to dismiss will be granted, and Count Two will be dismissed without prejudice.

As to that part of Count Four that seeks punitive damages under ERISA, Plaintiffs have withdrawn their request for that remedy.

As to Count Six, for retaliation, Defendants make two arguments: 1) there are no "similarly situated" Plaintiffs; and 2) the claim that changes to the method of calculating overtime payments was retaliatory fails to state a valid claim. As to the first argument, again, Defendants appear to misunderstand the fundamental law of Rule 12(b)(6) motions. In deciding a motion to dismiss

pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss cannot succeed by arguing that the factual allegations made in the complaint are untrue, because the Court accepts them as true. The Court thus accepts as true the factual allegation that there are similarly situated plaintiffs. Defendants may properly dispute this as a factual matter at summary judgment or at trial, but not on this motion.

As to the second argument, the parties debate issues which are not evident from the face of the vaguely drafted Complaint. Count Six says little more than that the "aforesaid conduct . . . was retaliatory." (Rev. Sec. Am. Compl. ¶ 112.) Such purely conclusory pleading is no longer sufficient after Twombly. Supporting factual allegations must be presented. Count Six does not plead sufficient facts to give rise to a plausible entitlement to relief. As to Count Six, the motion to dismiss will be granted, and Count Six will be dismissed without prejudice.

For these reasons,

**IT IS** on this 9th day of July, 2014,

**ORDERED** that Defendants' motion to dismiss the Revised Second Amended Complaint for failure to state a valid claim (Docket Entry No. 56) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Counts Two and Six, the motion to dismiss is **GRANTED**, and Counts Two and Six are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that, as to Count One, the motion to dismiss is **DENIED**; and it is further

**ORDERED** that Plaintiffs are granted leave to file a Third Amended Complaint within 30 days of the date of entry of this Order.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.
